IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY CARRASQUILLO-RODRIGUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:19cv526-WKW-WC |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Jimmy Carrasquillo-Rodriguez ("Carrasquillo-Rodriguez"), a federal inmate at the Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on July 23, 2019.[1] Doc. No. 1. Carrasquillo-Rodriguez challenges the validity of his convictions and sentence entered by the United States District Court for the District of Puerto Rico.[2]  He argues that the District Court of Puerto Rico lacked

---

[1] Carrasquillo-Rodriguez's petition was date-stamped received by this court on July 24, 2019. Carrasquillo-Rodriguez represents that he submitted the petition on July 23, 2019. Applying the prison mailbox rule, and no evidence to the contrary, the court deems the petition to be filed on July 23, 2019. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] A review of the dockets from Carrasquillo-Rodriguez's cases in the United States District Court for the District of Puerto Rico indicates that in February 2011 a jury convicted Carrasquillo-Rodriguez of conspiracy to distribute a controlled substance, conspiracy to import a controlled substance, possession of a firearm in relation to a drug trafficking crime, and possession of a defaced firearm. *United States v. Carrasquillo-Rodriguez*, 3:08cr438-JAG (D.P.R). In November 2011, the district court sentenced Carrasquillo-Rodriguez to a total of 204 months in prison. Carrasquillo-Rodriguez appealed, and in August 2013, the First Circuit Court of Appeals affirmed three of his four convictions. In November 2018, the district court entered an amended judgment, nunc pro tunc to September 11, 2013, resentencing Carrasquillo-Rodriguez to the same 204-month term. On July 31, 2014, Carrasquillo-Rodriguez filed a 28 U.S.C. § 2255 motion in the district court. *Carrasquillo-Rodriguez v. United States*, 3:14cv1586-JAG (D.P.R.). The district court denied the § 2255 motion and dismissed with prejudice on September 30, 2017. Carrasquillo-Rodriguez appealed, and the Eleventh Circuit denied a certificate of appealability in June 2018.

jurisdiction over his criminal case because Article III provided the court with no authority to try his case. Doc. No. 1 at 2–3.  He further argues that his indictment was void because it was "presented to a grand jury without a formal complaint having been filed with the [trial] court." Doc. No. 1 at 3.  Finally, Carrasquillo-Rodriguez argues that "the prosecution failed to allege (or prove) any evidence of 'injury in fact' to the United States by way of federally prohibited conduct(s)." Doc. No. 1 at 4.  Thus, he asserts that the judgment under which he is incarcerated "is, in fact and law, VOID." Doc. No. 1 at 3.  For the reasons that follow, the undersigned concludes that this case should be transferred to the United States District Court for the District of Puerto Rico, the court that entered Carrasquillo-Rodriguez's convictions and sentence.

## II.  DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).  Although this action is brought as a habeas petition under 28 U.S.C. § 2241, the court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition

2

challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions properly filed under § 2241 must be brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

> In contrast, 28 U.S.C. § 2255(a) states:
>
> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Carrasquillo-Rodriguez's self-described habeas petition challenges the validity of his convictions and sentence. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018).

Carrasquillo-Rodriguez's claims challenging his convictions and sentence fall squarely within the realm of injuries that § 2255 addresses. When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090.  Thus, regardless of the label Carrasquillo-Rodriguez has placed on his pleadings, his petition challenging his convictions and sentence must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[3]

Section 2255 remains Carrasquillo-Rodriguez's exclusive remedy to bring his challenge to his convictions and sentence. Because he challenges a judgment entered in the United States District Court for the District of Puerto Rico, any jurisdiction to consider his § 2255 motion lies only with the District Court of Puerto Rico. *See* 28 U.S.C. § 2255(a). This court, which sits in the Middle District of Alabama, lacks jurisdiction to consider a § 2255 motion challenging convictions entered by the District Court of Puerto Rico.

---

[3] In orders entered on July 25, 2019, and July 31, 2019 (Doc. Nos. 2 & 3), this court informed Carrasquillo-Rodriguez that the claims in his self-styled habeas petition were properly presented in a 28 U.S.C. § 2255 motion. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court notified Carrasquillo-Rodriguez of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. The court also advised Carrasquillo-Rodriguez that his construed § 2255 motion was due to be transferred to the United States District Court for the District of Puerto Rico since he was challenging the convictions and sentence entered by that court. This court's "Castro Order" also advised Carrasquillo-Rodriguez that if he failed to file a response in compliance with the order's directives, the case would proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims in the construed § 2255 motion. Carrasquillo-Rodriguez failed to file a response complying with the Castro Order's directives.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Carrasquillo-Rodriguez is proceeding *pro se*, this court finds it is in the interest of justice that this case be transferred to the United States District Court for the District of Puerto Rico.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the District of Puerto Rico under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 5, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 22nd day of August, 2019.

  /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE